IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOUIS EDWARD SPEARMAN, ) | |
| ID # 708729, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:07-CV-1945-B (BH) |
| ) | ECF |
| CHARLES R. FULBRUGE, III, ) | Referred to U.S. Magistrate Judge |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division, filed the instant petition for writ of mandamus to compel respondent, the Court Clerk for the Fifth Circuit Court of Appeals, to maintain a docket and index of all docketed cases. He contends that respondent has failed to maintain a docket as shown by a lack of response to a September 28, 2007 motion filed with the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). No process has been issued in this case.

## II. PRIOR SANCTIONS

This Court and the Fifth Circuit Court of Appeals have previously sanctioned petitioner. On July 21, 2000, the Circuit ordered petitioner to pay a $100.00 sanction, and barred him "from filing any further appeal, mandamus petition, motion to file a successive habeas corpus petition, or any other matter in [the Fifth Circuit] without the advance, written permission of a [Fifth Circuit

judge]." *See Spearman v. Johnson*, No. 00-10409, slip op. (5th Cir. July 21, 2000). On August 27, 2001, after petitioner sought authorization to file a successive habeas application and sought leave to proceed without satisfying the unpaid sanction, the Fifth Circuit directed the Clerk of the Court to return unfiled any motion, petition, or document submitted by petitioner to the Fifth Circuit until petitioner submits documentation demonstrating that the has paid the $100.00 sanction. *See In re Spearman*, No. 01-28, slip op. (5th Cir. Aug. 27, 2001).

Because petitioner had not paid the $100.00 sanction or obtained prior authorization from the Fifth Circuit, this Court dismissed two later habeas petitions without prejudice. *See Spearman v. Dretke*, No. 3:06-CV-0291-P, slip op. (N.D. Tex. Mar. 27, 2006) (accepting findings, conclusions, and recommendation of magistrate judge); *Spearman v. Dretke*, No. 3:05-CV-1471-P, slip op. (N.D. Tex. Aug. 30, 2005) (accepting findings, conclusions, and recommendation of magistrate judge). On July 7, 2006, this Court dismissed a third successive habeas application, monetarily sanctioned petitioner, and barred him "from filing any habeas actions in federal district court, either under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, until this sanction is paid." *Spearman v. Quarterman*, No. 3:06-CV-1086-D, 2006 WL 1881918, at *2 (N.D. Tex. July 7, 2006) (findings, conclusions, and recommendation of magistrate judge accepted by District Court).

This Court "observe[s] and enforce[s] sanctions imposed by another federal court in Texas involving Texas Department of Criminal Justice inmates who file pleadings in this District, unless the sanctioned inmate establishes a change of circumstances or otherwise demonstrates that enforcing such previously imposed sanctions would be unjust." Misc. Order 48. The Court also observes and enforces sanctions imposed by the Fifth Circuit Court of Appeals. *See Spearman v. Dretke*, No. 3:06-CV-0291-P, slip op. (N.D. Tex. Mar. 27, 2006) (accepting findings, conclusions, and

recommendation of magistrate judge); *Spearman v. Dretke*, No. 3:05-CV-1471-P, slip op. (N.D. Tex. Aug. 30, 2005) (accepting findings, conclusions, and recommendation of magistrate judge). In addition, the Court naturally observes and enforces its own sanction orders. *See Sabedra v. Meadows*, No. 3:05-CV-1304-L, 2006 WL 1499985, at *1 (N.D. Tex. May 5, 2006) (findings, conclusions, and recommendation of magistrate judge), *accepted by* 2006 WL 1571669 (N.D. Tex. May 31, 2006).

Petitioner provides nothing to indicate that he has paid either monetary sanction previously imposed against him. He provides nothing to show that any judge has approved the filing of the instant petition for writ of mandamus. Although the prior sanction orders do not specifically prohibit the filing of a petition for writ of mandamus in <u>this</u> Court without satisfaction of the imposed sanctions, the July 21, 2000 sanction of the Fifth Circuit specifically prohibits the filing of such a petition in the Fifth Circuit. To enforce such sanction, this Court properly construes the sanction to extend to filings in this Court. *See Starks-El v. Valdez*, No. 3:05-CV-0181-D, 2005 WL 293576, at * (N.D. Tex. Feb. 7, 2005) (findings, conclusions, and recommendation of magistrate judge), *accepted by* 2005 WL 625631 (N.D. Tex. Mar. 16, 2005). Furthermore, although the prior sanction order of this Court specifically prohibits the filing of a habeas petition in this Court until petitioner pays the monetary sanction, the instant petition for writ of mandamus is in the nature of habeas because it relates to the filing of a request for authorization with the Fifth Circuit. Consequently, the prior sanction order of this Court appears broad enough to require payment of the $100.00 sanction prior to commencing this action.

By filing the instant petition for writ of mandamus without paying the previously imposed monetary sanctions and without obtaining judicial pre-approval, petitioner has failed to comply with the prior sanctions. He has shown no change in circumstances or otherwise demonstrated that it

would be unjust to enforce the sanctions previously imposed against him. Accordingly, he must pay the previously imposed monetary sanctions and obtain judicial permission before filing the instant petition for writ of mandamus in this Court. In the absence of compliance with the prior sanction orders, this action should be dismissed.[1]

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** without prejudice the instant petition filed by petitioner. He may not re-file it without first obtaining judicial pre-approval for its filing by filing a proper motion for leave to file and showing that he has paid the previously imposed monetary sanctions – $100.00 to the Fifth Circuit Court of Appeals and $100.00 to this Court.

**SIGNED this 26th day of November, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Because petitioner is barred from pursuing this action by the prior sanction orders, the Court need not address whether petitioner should be permitted to proceed with this action in forma pauperis. Although petitioner has not specifically moved to proceed in forma pauperis, he has provided information which shows that he is financially eligible to proceed with this action without prepayment of the filing fee.

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE